**Gurdish KAUR, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 01–70805.
I & NS No. A72–402–368.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 16, 2002.

Decided May 30, 2002.

On Petition for Review of an Order of the Board of Immigration Appeals.

Before HAWKINS and SILVERMAN, Circuit Judges, and RESTANI, Judge.*

MEMORANDUM **

Gurdish Kaur ("Kaur"), a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing her appeal of the immigration judge's denial of her requests for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). Kaur had testified that: (1) her brother had been tortured on account of his involvement in a student organization that supports the creation of a separate state called Khalistan, and ultimately fled to the United States; (2) in 1992, security forces looking for her father arrested her instead and held her for eight hours, threatening severe punishment if her father continued his activities in Akali Dal, a political party also supporting the creation of Khalistan; and (3) in 1993, she was arrested along with her father, who was severely beaten, and she was threatened with rape if he did not discontinue his support of Akali Dal.

Although finding Kaur credible, the BIA dismissed Kaur's appeal on the ground that the treatment Kaur herself suffered did not rise to the level of persecution. Where the BIA accepts the petitioner's factual assertions as true, the BIA's application of legal rules to those facts is reviewed *de novo. Lazo–Majano v. INS,* 813 F.2d 1432, 1434 (9th Cir.1987). We determine that the BIA erred in failing to consider evidence of the cumulative effect of specific instances of violence toward Kaur and her family members. *See Korablina v. INS,* 158 F.3d 1038, 1044 (9th Cir.1998) ("acts of violence against a petitioner's friends or family members may establish a well-founded fear of persecution."); *see also Chen v. Ashcroft,* 2002 WL 971784, at *5–6 (9th Cir. May 13, 2002). Imputed political opinion is a valid basis for relief. *See Harpinder Singh v. Ilchert,* 63 F.3d 1501 (9th Cir.1995). There is no support for the proposition that this basis for relief is unavailable to a petitioner who was not herself severely abused.

Furthermore, the uncontested facts show a pattern of persecution of Kaur and her family members, and that the security force's actions were not in furtherance of *legitimate* government prosecution. *See Blanco–Lopez v. INS,* 858 F.2d 531, 534 (9th Cir.1988) (vacating denial of asylum where there was no evidence in the record "that an actual, legitimate, criminal prosecution was initiated against [the applicant.]"); *see also Hernandez–Ortiz v. INS,* 777 F.2d 509, 516 (9th Cir.1985) (Where "there is no evidence of a legitimate prosecutorial purpose for a government's harassment of a person ... there arises a presumption that the motive for harassment is political."). Nor has the INS shown that the country conditions have changed to rebut the presumption of fear of future persecution. *Cf. Kataria v. INS,* 232 F.3d 1107, 1114 (9th Cir.2000) (presumption of a well-founded fear of future persecution arising from past persecution may be rebutted by evidence that country conditions have changed to render such fear unfounded.).

Accordingly, we GRANT the petition; VACATE the BIA's decision with instruc-

---

* Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tions to grant Kaur withholding of deportation, and REMAND for the Attorney General to exercise his discretion whether to grant Kaur asylum.